UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

FREDERICK H. HOSLEY and
RITA A. HOSLEY,

   Appellants,

  v.              Dist. Ct. Case No. 1:08-CV-752
                   (LEK)

WELLS FARGO BANK MINNESOTA,
NATIONAL ASSOCIATION.

   Appellee.

In re:

FREDERICK H. HOSLEY and      Chapter 13
RITA A. HOSLEY,          Bankr. Case No. 05-15888

   Debtors.

## DECISION AND ORDER

  Debtors/Appellants Frederick and Rita Hosley appeal the Bankruptcy Court's Order entered June 13, 2008 (Robert E. Littlefield, Jr., B.J.) which found Appellee Wells Fargo Bank Minnesota, National Association's motion seeking relief from the automatic stay to be proper and required Appellants to pay fees and costs in the amount of $1,175, see Order (Dkt. No. 1, Attach. 1), as well as the Bankruptcy Court's Order denying the Appellants' motion to reconsider and awarding additional Attorneys' Fees of $400.

**I.**  **FACTS**

1

In November 2006, Appellee filed a motion for relief from the automatic stay entered in Appellants' Bankruptcy case. Dkt. No. 4, Attach. 11. The basis for the motion was that Debtors failed to make post-petition monthly mortgage payments. See id. at 1. Debtors opposed the motion on the ground that the mortgage payments had been paid in full, but there was an arrears on the escrow amounts (or escrow shortage) included to cover taxes, insurance, etc. See Dkt. No. 4, Attach. 1. Appellee filed a reply to the opposition. Debtors then filed further opposition. On February 1, 2007, the parties appeared before the Bankruptcy Court. On April 2, 2007, after considering the parties' arguments and various submissions, the Bankruptcy Court issued an oral Order finding a basis for Appellee's motion and awarding attorneys' fees to Appellee in the amount of $1,175.00. See April 2, 2007 Hr'g Tr. (Dkt. No. 4, Attach. 12). By that time, the mortgage payments (including the escrow and escrow shortage payments) were no longer in arrears and the only issue before the Bankruptcy Court was whether Appellee was entitled to attorneys' fees in connection with its motion to lift the stay. The Bankruptcy Court found that the record evidence demonstrated that there was an arrears in Appellants' account and, therefore, there was a reasonable basis for Appellee to have filed the motion to lift the stay. See id. at 6-7.

Thereafter, Appellants filed a motion for reconsideration. Dkt. No. 3, Attach. 12. After hearing the parties' arguments and considering the parties' submissions, the Bankruptcy Court found no basis for reconsidering its prior Order and awarded Appellee an additional $400 in attorneys' fees. See May 29, 2008 Hr'g Tr. (Dkt. No. 4, Attach. 13). Appellants now appeal this Order.

## II.    STANDARD OF REVIEW

2

Bankruptcy Rule 8013 provides, inter alia, that a bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." FED. R. BANKR. P. 8013; see R.M. 18 Corp. v. Aztex Assocs., L.P (In re Malease 14FK Corp.), 351 B.R. 34, 40 (E.D.N.Y. 2006). A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Mitchell, 966 F.2d 92, 98 (2d Cir. 1992). A bankruptcy court's legal conclusions are subject to a de novo review. Capital Communications Fed. Credit Union v. Boodrow, 126 F.3d 43, 47 (2d Cir. 1997). Matters left to the discretion of the bankruptcy court are reviewed for an abuse of discretion. Id.

**III.    DISCUSSION**

**A.    Whether Appellee Improperly Raised Appellants' Monthly Mortgage Payment By Adding An "Escrow Shortage" Amount**

Appellants contend that Appellee's mortgage deficiency calculation (and that of the Bankruptcy Court) is erroneous because it included an escrow shortage; that is, additional amounts necessary to cover any increased taxes, insurance premiums and other charges. Appellants argue that, even if such amounts may legally be recovered, they should not be permitted while a consumer is in a Chapter 13 bankruptcy proceeding. Appellants contend that, while they are under Chapter 13 protection, they should not be required to pre-pay for amounts not actually due, particularly where the amounts to be placed in escrow were not claimed in the Proof of Claim.

The amount that a lender can collect as a monthly escrow is governed by the Real Estate

Settlement Procedures Act ("RESPA"), codified at 12 U.S.C. § 2601 et seq.  RESPA provides that a lender may estimate the property taxes, insurance premiums and related charges that will be due on the property for the ensuing year and "adjust the monthly payments under the mortgage by 1/12 of the total calculations to cover the estimated expenses."  Campbell v. Countrywide Home Loans, Inc., 545 F.3d 348, 351 (5th Cir. 2008); see 12 U.S.C. § 2609(a)(1).  A lender may also include an additional 1/6 of the monthly escrow payment "to provide a cushion to cover any estimated shortfalls."  Campbell, 545 F.3d at 351; see 12 U.S.C. § 2609(a)(1).  RESPA also authorizes lenders "to calculate and collect certain 'advance deposits in escrow accounts,' or shortage contributions, in order to minimize any negative balance that may occur in a borrower's escrow account over the twelve months when [the lender] must disburse funds to protect the property (e.g., insurance, PMI payments, and taxes)."  In re Rodriguez, 391 B.R. 723, 728 (Bankr. D. N.J. 2008); see 12 U.S.C. § 2609(a)(2).

In Campbell, the Fifth Circuit held that "unpaid escrow payments that accumulate *pre-petition* in the year that a bankruptcy petition is filed, and which the creditor had a right to collect under the loan documents, constitute a 'claim' under the Bankruptcy Code."  545 F.3d at 354 (emphasis added).  Here, we are dealing with *post-petition* escrow amounts.  However, considering the holding in Campbell that unpaid escrow amounts can be a claim under the Bankruptcy Code, that escrow shortage claims frequently are part of a bankruptcy claim,[1] and that the loan documents and the provisions of 12 U.S.C. § 2609 permit Appellee to require payment of both escrow and escrow shortage amounts from Appellants, the Court finds that the "escrow shortage" amount may

---

[1] See, e.g., In re Sacko, 394 B.R. 90, 103-104 (Bankr. E.D. Pa. 2008); In re McKnight, 2005 WL 1313519, at *2 (Bankr. E.D. Pa. May 31, 2005).

be included in the Debtors' post-petition monthly mortgage payment.  See In re Cole, 202 B.R. 375 (Bankr. E.D. Pa. 1996) (mortgagee may seek escrow deficits); In re Rodriguez, 391 B.R. at 729 ("Debtors . . . fail to explain satisfactorily why such rights afforded lenders under RESPA should be abrogated in the context of a Chapter 13 bankruptcy proceeding.  Debtors' required shortage contribution is a charge authorized by and calculated in accordance with RESPA, as well as the underlying loan agreement; as such, any modification of such rights would contravene the prohibition against modifying the rights of a holder of a claim secured by a security interest in a debtor's principal residence, found in 11 U.S.C. § 1322(b)(2).").  Indeed, in In re Rodriguez, it was held that the mortgagee "is entitled, as a matter of law, to calculate and collect the shortage contribution as part of the post-petition monthly escrow deposit. . . ." 391 B.R. at 731.  Appellants cite no authority supporting a contrary conclusion.

      Here, Appellee found Appellants to be deficient and, thus, Appellants were notified of the shortage and of the obligation to remit additional funds into escrow.  Upon receiving notice of the shortage, Appellants were obligated to pay these additional amounts.  Having reviewed the parties' respective calculations of the payments on Appellants' account, the Court finds that Appellants were in arrears at the time the motion to lift the stay was filed.  Accordingly, Appellee had the right to collect the shortage as part of the monthly mortgage payments and to seek a lift of the stay to enforce this right.  At the very least, it was reasonable for Appellee to believe that it had the right to collect these monies and, thus, to move to lift the stay.  In re Dominique, 368 B.R. 913, 917 (Bankr. S.D. Fla. 2007) ("[M]erely providing notice of an escrow deficiency is not a stay violation. . . .  Moreover, if the automatic stay was truly of concern to [the lender, it] . . . could have filed a motion for stay relief to authorize providing the required notice or billing the Debtors the

5

increased payment amount."). The Court rejects Appellants' claim that shortage funds cannot be collected in connection with a Chapter 13 debtor. As the court noted in Dominique,

> While a chapter 13 plan can certainly state what is the initial monthly debt service obligation to a lender, in most mortgages those payments will change, either due to interest adjustments, if the loan has an adjustable interest rate, or due to changes in the escrow requirements. Since the Bankruptcy Code prohibits a debtor from using a chapter 13 plan to modify its obligations to a home lender protected by 11 U.S.C. § 1322(b)(2), it follows that, with respect to ongoing debt service obligations, those rights cannot be altered by the chapter 13 plan.

368 B.R. at 920. The Court, therefore, finds that the Bankruptcy Court did not err in concluding that Appellee's motion had a reasonable basis.

**B.      Whether the Bankruptcy Court Improperly Awarded Attorneys' Fees**

Appellants next challenge the award of attorneys' fees to Appellee in making, and defending, its motion to lift the stay and Appellants' subsequent motion for reconsideration of the Order granting Appellants' motion to lift the stay. Appellants argue that Appellee's initial request for a $400 fee snowballed into a sanction against Appellants for defending themselves.

The terms of the mortgage and note obligated Appellants to pay reasonable attorneys' fees incurred in enforcing the note and mortgage. Because Appellants were in arrears, Appellee filed a motion to lift the stay to enable it to enforce its contractual rights. In light of the terms of the note and mortgage, the Bankruptcy Court properly awarded attorneys' fees to Appellee because such fees were incurred in connection with enforcement of the note and mortgage. Ultimately, Appellants paid the mortgage arrears and, thus, the only remaining issue before the Bankruptcy Court was whether Appellee was entitled to $400 in attorneys' fees. Although the continuing controversy, as limited by the Bankruptcy Court, was limited to the fee issue, Appellants continually raised issues concerning whether the account was in arrears at the time of the motion to lift the stay,

whether Appellee properly calculated the escrow shortfall, and whether the shortfall was properly added to Appellants' monthly mortgage payment.  This necessitated further responses and legal work by Appellee.  Appellee was awarded additional amounts for this additional legal work.  The Court finds that the amount of attorneys' fees awarded, and as adjusted, by the Bankruptcy Court ($1,575.00) should be affirmed.[2]

### III.   CONCLUSION

Accordingly, it is hereby

**ORDERED**, that the June 13, 2008 Order of the Bankruptcy Court (Littlefield, Jr., B.J.) is **AFFIRMED**; and it is further

**ORDERED**, that Frederick H. Hosley and Rita A. Hosley's appeal is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copies of this Order on all parties.

**IT IS SO ORDERED.**

DATE:   December 09, 2008
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[2] The Bankruptcy Court modified Appellee's request for $2,850 in attorneys' fees.